UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ENAAM ARNAOUT, JOHN LINDH, and RANDALL ROYER on their own behalf and on behalf of a class of those similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:09-cv-215 LJM-WGH |
| WARDEN, FEDERAL CORRECTIONAL INSTITUTION, TERRE HAUTE, INDIANA, | ) ) ) ) | AMENDED COMPLAINT-CLASS ACTION |
| Defendant. | ) | |

**Amended Class Action Complaint for Declaratory and Injunctive Relief**

**Introduction**

1. Plaintiffs Enaam Arnaout and John Lindh are Muslim prisoners confined to the Communications Management Unit ("CMU") at the Federal Correction Institution in Terre Haute, Indiana. Randall Royer was a long-time prisoner in the CMU who has recently been transferred to another federal penal facility but who believes that he will be transferred back to the CMU in the near future. The CMU contains approximately 26 Muslim prisoners although prisoners are added and removed from the CMU. Despite the fact that plaintiffs' religion commands them to pray five times daily, and group prayer is deemed to be either mandatory or theologically superior to individual prayer, congregate prayer is only allowed for one hour a week. This rule is imposed by defendant despite the fact that the prisoners are out of their cells for virtually the entire day and are allowed to engage in a whole variety of congregate activities. The defendant's prohibition on

congregate worship imposes a substantial burden on plaintiffs' and the putative class' exercise of religion and neither furthers a compelling governmental interest nor represents the least restrictive means of furthering a compelling governmental interest. It therefore violates the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1. Appropriate declaratory and injunctive relief is requested.

**Jurisdiction, venue, cause of action**

2. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

5. This action is brought pursuant to RFRA, 42 U.S.C. § 2000bb-1(c).

**Parties**

6. Enaam Arnaout is an adult person currently confined in the CMU at the Federal Correctional Institution in Terre Haute, Indiana.

7. John Lindh is an adult person currently confined in the CMU at the Federal Correctional Institution in Terre Haute, Indiana.

8. Randall Royer is an adult person currently confined in the Federal Correctional Institution in Greenville, Illinois.

9. The Warden of the Federal Correctional Institution, Terre Haute, Indiana, is sued pursuant to Rule 17(d) of the Federal Rules of Civil Procedure and is the duly appointed Warden of the Institution.

**Class action allegations**

10. Plaintiffs brings this action on their own behalf and on behalf of a class of those similarly situated.

11. The class is defined as:

all Muslim prisoners currently and in the future who are confined to the Communications Management Unit at the Federal Correctional Institution in Terre Haute, Indiana.

12. The class meets all the requirements or Rule 23(a) of the Federal Rules of Civil Procedure. Specifically:

    a. The class is so numerous that joinder of all members is impracticable. There are approximately 26 persons in the class currently. However, new Muslim prisoners will be entering the CMU in the future and therefore, the class consists of an unknown number of future persons.

    b. The are common questions of law or fact – namely, whether the denial of congregate worship violates RFRA.

    c. The claims of the representative party is typical of those of the class.

    d. The representative party will fairly and adequately protect the interests of the class.

13. The further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met in this cause in that the defendant, at all times, has acted and have refused to act in a manner generally applicable to the class, thereby making final injunctive and declaratory relief appropriate with respect to the class as a whole.

14. Counsel for plaintiff is an appropriate and adequate attorney to represent the class and should be appointed as attorney for the class pursuant to Rule 23(g), Federal Rules of Civil Procedure.

**Legal Background**

15. RFRA provides, in pertinent part at 42 U.S.C. § 2000bb-1:

(a) In general

Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section.

(b) Exception

Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person--

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

(c) Judicial relief

A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution.

**Factual Allegations**

16. The CMU has been created to house certain prisoners who are deemed to require additional monitoring of their communications.

17. As compared to other units within the BOP, the CMU features fewer opportunities for telephone calls and visits.

18. The prisoners within the CMU are housed in individual cells.

19. The prisoners within the CMU are allowed out of their cells from approximately 6:00 a.m. until 3:45 p.m. and then from 4:30 p.m. until 9:15 p.m.

20. During this time they are allowed to engage in a wide variety of congregate activities, including recreation, watching television, playing cards, or sitting at tables or in chairs conversing.

21. The CMU contains a multi-purpose room in which classes are held via videotape.

However, the multi-purpose room is generally vacant.

22. Plaintiffs are Muslims as are a large majority of the approximately 40 persons on the CMU.

23. At the current time there are approximately 27 Muslim prisoners in the CMU, although at times there have been more than 30.

24. Prayer is the second pillar of Islam and it is obligatory on Muslims to pray five times a day.

25. Every Friday, all Muslims engage in the Jum'ah prayer which the Qur'an mandates be done in a group.

26. At the CMU plaintiff Arnaout and Lindh and the other Muslim prisoners are allowed to go to the multi-purpose room for the Jum'ah prayer.

27. However, in the Hadith, the collections of sayings of the Prophet, numerous statements are made that group prayer for all the mandated prayers is preferred and that such prayer multiplies the blessings and utility of prayer.

28. One of the four orthodox schools of Islamic jurisprudence holds that group prayer is mandatory and not merely preferred. Plaintiff Lindh adheres to this school.

29. Therefore, whenever possible, Muslims will pray together during the five daily prayers.

30. These daily prayers are very short, and take only a few minutes.

31. When the CMU was opened, Muslim prisoners were allowed to meet together in the multi-purpose room to engage in the five daily prayers for approximately six months.

32. However, the defendant has now prohibited all congregate prayer for plaintiffs and the other Muslim prisoners, even though the multi-purpose room is generally

5

unoccupied and a schedule could easily be created so that group prayer could occur in the multi-purpose room without any disruption to other scheduled events.

33. This imposes a substantial burden on plaintiffs' religious exercises.

34. Plaintiffs have timely and properly pursued all grievances, at each level, provided by the BOP to challenge the denial of the use of the multi-purpose room for group prayer.

35. Copies of the grievances, and responses, are attached hereto as Exhibit A for plaintiff Arnaout, Exhibit B for plaintiff Lindh, and Exhibit C for plaintiff Royer.

36. At the time that the original complaint was filed in this case plaintiffs Arnaout's and Royer's grievances were pending at the final level of review at the office of General Counsel for the BOP for more than 40 calendar days. Plaintiffs did not receive a written notice of an extension of time for the General Counsel to complete its review prior to the filing of the original complaint in this cause. Accordingly, pursuant to 28 C.F.R. § 542.18, the grievances were deemed denied at the General Counsel level prior to the filing of the original complaint in this cause. As can be seen from Exhibit A and C, the grievances were eventually denied at the final appeal level.

37. Plaintiff Royer entered the CMU in December of 2006.

38. On October 8, 2009, he was transferred to his current location in the Federal Correctional Institution in Greenville, Illinois.

39. He believes that he will be transferred back to the CMU in the near future where he will again be denied the right to engage in group daily prayer.

40. The defendant's actions in this matter are not substantially justified.

41. The actions of defendant are causing plaintiffs irreparable harm for which there is no adequate remedy at law.

**Claim for relief**

42. The failure of the defendant to allow plaintiffs and the putative class to participate in group prayer five times a day imposes a substantial burden on plaintiffs' and the putative class' religious exercise and neither furthers a compelling governmental interest, nor is it the least restrictive alternative to further that interest. It is therefore unlawful as violating the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1.

**Request for relief**

WHEREFORE, plaintiffs requests that this Court:

a. Accept jurisdiction of this case and set it for hearing.

b. Certify this case as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure with the class as defined above.

c. Declare that defendant is violating federal law as noted above.

d. Enter a preliminary injunction, later to be made permanent, enjoining defendant to allow plaintiffs and other Muslim prisoners within the CMU to engage in group prayer for the mandatory five daily prayers.

e. Award plaintiffs their costs and reasonable attorney's fees pursuant to 28 U.S.C. § 2412.

f. Award all other proper relief.

/s/ *Kenneth J. Falk*
Kenneth J. Falk
No. 6777-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059 ext. 104
fax: 317/635-4105

Attorney for Plaintiffs and the Putative Class

<u>Certificate of Service</u>

   I hereby certify that on this 9th of November, 2009, a copy of the foregoing was filed electronically with the Clerk of this Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and the parties may access this filing through the Court's system.

Thomas E. Kieper  
Assistant United States Attorney  
Office of the United States Attorney  
10 West Market Street  
Indianapolis, IN  46204

                 /s/ *Kenneth J. Falk*  
                 Kenneth J. Falk  
                 Attorney at Law